VERNON FRANKLIN ANDERSON, SR., AND ANN WATSON ANDERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 27807-90
United States Tax Court
T.C. Memo 1993-288; 1993 Tax Ct. Memo LEXIS 293; 66 T.C.M. (CCH) 4; July 6, 1993, Filed *293 H and W overpaid their Federal income taxes for 1986 and 1987 through withholding. H and W's period for filing their 1986 income tax return was extended until Oct. 15, 1987. R mailed notices of deficiency to W for 1986 and 1987 on Sept. 19, 1990. R mailed notices of deficiency to H for 1986 and 1987 on Nov. 14, 1990. H and W filed joint income tax returns for 1986 and 1987 on or about Apr. 10, 1992. Held, Under sec. 6512(b)(3)(B), I.R.C. 1986, the statute of limitations on credit or refund of a tax overpayment determined by the Tax Court requires application of rules to facts existing at the date of the mailing of the notice of deficiency. If no tax return had been filed by that date, then the "look-back" period as to an overpayment determined by the Tax Court is the 2 years immediately preceding the mailing of the notice of deficiency. Sec. 6511(b)(2)(B), I.R.C. 1986. H and W's tax payments for 1986 and 1987 were made more than 2 years before the notices of deficiency were mailed, and so H and W are not entitled to credit or refund of the amounts by which they overpaid their 1986 and 1987 income taxes. Vernon Franklin Anderson, Sr., and Ann Watson Anderson, pro se. *294 For respondent: Susan T. Mosley and Judith C. Winkler. CHABOT
CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6651(a) [1] (failure to file timely), 6653(a)(1) (negligence, etc.), and 6654 (underpayment of estimated tax) against Vernon Franklin Anderson, Sr. (hereinafter sometimes referred to as Vernon), as follows: Additions to Tax
Deficiency
Sec. 6651(a)
Sec. 6653
Sec. 6653
Sec. 6654(a)
(a)(1)(A)
(a)(1)(B)
1986
$ 3,226
$  806.50
$ 161.30
[1]
$ 156
1987
9,801
1,433.25
490.05
[1]
255
Respondent determined deficiencies in Federal individual income *295 tax and additions to tax under sections 6651(a) (failure to file timely), 6653(a)(1) (negligence, etc.), and 6654 (underpayment of estimated tax) against Ann Watson Anderson (hereinafter sometimes referred to as Ann) as follows: Additions to Tax
Deficiency
Sec. 6651(a)
Sec. 6653
Sec. 6653
Sec. 6654(a)
(a)(1)(A)
(a)(1)(B)
1986
$ 4,611
$   863.25
$ 230.55
[1]
$ 153
1987
5,628
1,112.75
281.40
[1]
--
After concessions by both sides, [2] *296 the issue for decision is whether petitioners are barred by the time limitations under sections 6511 and 6512 from obtaining from this Court a determination that they have overpayments of their Federal individual income taxes for 1986 and 1987. [3]
*297 A. Background
The instant case was submitted fully stipulated; the stipulations and stipulated exhibits are incorporated herein by this reference. When the petition was filed in the instant case, petitioners lived in Vienna, Virginia. In 1986 Federal individual income taxes were withheld from petitioners' income in the amount of $ 7,538.29 (Vernon -- $ 6,380.29; Ann -- $ 1,158). In 1987 Federal individual income taxes were withheld from petitioners' income in the amount of $ 5,245.76 (Vernon -- $ 4,068; Ann -- $ 1,177 (rounded)). Petitioners did not make any other payments of Federal individual income taxes for 1986 or 1987. Petitioners had extensions of time to file their 1986 tax return until October 15, 1987. Petitioners did not timely file their 1986 or 1987 tax returns. On September 19, 1990, respondent mailed to Ann a notice of deficiency for 1986 and a notice of deficiency for 1987. On November 14, 1990, respondent mailed to Vernon a notice of deficiency for 1986 and a notice of deficiency for 1987. On December 12, 1990, petitioners filed a petition with this Court. On February 7, 1991, respondent filed an answer. Petitioners did not file a claim for credit *298 or refund for either 1986 or 1987 before September 19, 1990, or before November 14, 1990. Petitioners filed joint income tax returns with respondent for 1986 and for 1987 on or about April 10, 1992. [4] Petitioners had not previously filed tax returns for 1986 or 1987. Petitioners' correct joint tax liability for 1986 is $ 94; they are overwithheld in the amount of $ 7,439.59. Petitioners' correct joint tax liability for 1987 is $ 1,166; *299 they are overwithheld in the amount of $ 4,021.46. [5]
B. Analysis
Petitioners' 1986 and 1987 taxes were paid more than 2 years before respondent mailed the notices of deficiency to them (Sept. 19, 1990, and Nov. 14, 1990). Petitioners contend that they are entitled to a determination of overpayments of their 1986 and 1987 Federal income taxes. Petitioners ask that the overpayment for 1986 be credited against their taxes for 1987, and that their overpayment for 1987 be credited against their taxes for 1988. Respondent contends that petitioners are not entitled to a *300 determination of overpayments because of the time limitations of sections 6511 and 6512. We agree with respondent. Section 6511[6] *301 provides the general statute of limitations for credits or refunds. Section 6512[7] *302 provides a special rule for credits or refunds "in case of petition to Tax Court". Section 6512(a)(1) permits suits by taxpayers for the recovery of any part of the tax "As to overpayments determined by a decision of the Tax Court which has become final". Section 6512(b)(1) provides that "Except as provided by paragraph (3)" the Tax Court may determine an overpayment, which shall be credited or refunded. Section 6512(b)(3)[8] provides that there shall not be a credit or refund of any portion of the tax unless that portion was paid during one of three time periods. The only one of these periods which is applicable in the instant case is the one in section 6512(b)(3)(B). [9]
Section 6512(b)(3)(B) permits a credit or refund if the Court determines that the tax was paid -- within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) *303 stating the grounds upon which the Tax Court finds that there is an overpayment, * * *
Subsections (c) and (d) of section 6511 do not affect the instant case, and our focus is on section 6511(b)(2). We arrive at section 6511(b)(2) because we have been instructed to go there by section 6512(b)(3)(B). See Gunther v. Commissioner, 92 T.C. 39, 61-63 (1989), affd. 909 F.2d 291 (7th Cir. 1990). The instruction in section 6512(b)(3)(B) directs us to focus on the situation as it would have been on a specified date -- the date of the mailing of the notice of deficiency. Thus, this provision requires us to "take a snapshot" of the situation as of September 19, 1990, and November 14, 1990. With that in mind, we proceed to section 6511(b)(2). Section 6511(b)(2) has three subparagraphs, each providing what has been referred to as a "look-back" rule. (See our recent comment in Allen v. Commissioner, 99 T.C. 475, 478-479 n.5 (1992), on appeal (6th Cir., Feb. 16, 1993), noting the difference between the look-back periods described in section 6511(b)(2) and the period for filing a claim described *304 in section 6511(a).) In the instant case we consider whether subparagraph (A) or (B) of section 6511(b)(2) applies. Neither side contends that subparagraph (C) applies. Section 6511(b)(2)(A) provides the rule for the situation where "the claim was filed by the taxpayer during the 3-year period described in subsection (a)". For any tax "in respect of which tax the taxpayer is required to file a return", section 6511(a) prescribes only the period "within 3 years from the time the return was filed". On September 19, 1990, and on November 14, 1990, the deemed-claim dates, neither petitioners' 1986 tax return nor petitioners' 1987 tax return had been filed, so there was no "3-year period prescribed in subsection (a)". Because there was no 3-year period prescribed in section 6511(a), no claim had been filed within that 3-year period. Therefore, section 6511(b)(2)(A) cannot provide the rule for decision in the instant case. Section 6511(b)(2)(B) provides the rule for the situation where the claim was filed, but not within the 3-year period prescribed in section 6511(a). This is the situation in the instant case. That is, section 6512(b)(3)(B) directs us to make a determination assuming *305 that a claim for credit or refund for Ann was filed on September 19, 1990, and that a claim for credit or refund for Vernon was filed on November 14, 1990 (the dates the notices of deficiency were mailed), but no tax return had been filed by either of those dates, so the deemed claims for credit or refund were not filed within the 3-year period prescribed in section 6511(a). In this situation, section 6511(b)(2)(B) provides a 2-year look-back period. That is, "the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." Petitioners' 1986 income taxes were paid entirely by withholding in 1986 and so were deemed paid on April 15, 1987. Sec. 6513(b)(1). Petitioners' 1987 income taxes were paid entirely by withholding in 1987, and so were deemed paid on April 15, 1988. Sec. 6513(b)(1). Both April 15, 1987, and April 15, 1988, are more than 2 years before September 19, 1990, and November 14, 1990. Thus, no portion of petitioners' 1986 or 1987 income taxes was paid within the 2-year period immediately before September 19, 1990, or November 14, 1990. We conclude from the foregoing that petitioners are not entitled *306 to a determination from this Court that they have an overpayment that can be credited or refunded. This conclusion is consistent with a long line of Tax Court precedents, among the most recent of which are Patronik-Holder v. Commissioner, 100 T.C.     (1993); Allen v. Commissioner, supra; Galuska v. Commissioner, 98 T.C. 661 (1992); and Berry v. Commissioner, 97 T.C. 339 (1991). Petitioners contend that "adequate reasons" existed to justify their late filings. They contend that their 1986 tax return was late because their S corporation was unable to provide them with certain records which they needed to prepare their individual tax returns. Petitioners also contend that their reliance on respondent's advice caused them to file their tax returns later than they otherwise would have done. They contend that, while their file was being transferred from respondent's Memphis office to respondent's Philadelphia office, respondent's Memphis office advised them to ignore certain of respondent's notices. Firstly, as respondent notes, the record does not contain any evidence relating *307 to these contentions. Secondly, even if petitioners' contentions were supported by the record, our conclusion would not be different. As to their contentions that they had "adequate reasons" for filing late, this contention is not relevant for purposes of the time limitations on filing a claim for refund. A statute of limitations is necessary for the practical administration of income tax policy. Rothensies v. Electric Battery Co., 329 U.S. 296, 301 (1946); Texas Co. (Caribbean) Ltd. v. Commissioner, 12 T.C. 925, 930 (1949). As to petitioners' alleged reliance on respondent's advice, petitioners do not claim any specific type of estoppel should be applied to respondent. However, their contentions are similar to equitable estoppel. The doctrine of equitable estoppel is applied against the Government only with the utmost caution and restraint. Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987). There is no basis for an estoppel against respondent in the instant case. See Miller v. United States, 949 F.2d 708, 712-713 (4th Cir. 1991). *308 Petitioners cite Poncelet v. Commissioner, T.C. Memo. 1983-70, but that case does not help petitioners. In Poncelet the taxpayer did not file claims for credit or refund within 2 years from the time the tax was paid, and so he was not entitled to an overpayment for 3 of the 4 years in issue. However, as to one of the years in issue, the taxpayer had filed a Form 1040 which noted the withheld income taxes. That Form 1040 constituted an informal claim for credit or refund and so the taxpayer was entitled to a refund of the overpayment for that year. In the instant case, no claim for credit or refund (formal or informal) was filed before the notices of deficiency were mailed. Petitioners make other contentions in regard to whether section 6511 or section 6512 applies to the instant case. Petitioners contend that section 6511 does not apply because they did not file a claim for refund or request a refund. Petitioners contend that section 6512 does not require a claim for refund. Petitioners misunderstand the operations of these statutes. Firstly, petitioners appear to be making a distinction between a credit and a refund. However, sections *309 6511 and 6512 apply to credits as well as refunds. [10]Secondly, a purpose of these statutes is to require a taxpayer to file a claim for credit or refund in order to be eligible for a refund, and to require the taxpayer to do so within the time limitations of section 6511 and section 6512. As explained above, the notice of deficiency is the deemed claim when a taxpayer files a petition in Tax Court, unless the taxpayer has previously filed an actual claim for credit or refund. Sections 6511 and 6512 are applicable to the instant case, but they do not provide relief for petitioners because petitioners did not bring themselves within the required time limitations. The result of a statute of limitations bar on credit or refund may seem harsh in view of an actual overpayment, e.g., Allen v. Commissioner, 99 T.C. at 480; *310 Berry v. Commissioner, 97 T.C. 339, 345 (1991). However, the statute is intricate and precise, e.g., Allen v. Commissioner, supra, see Minahan v. Commissioner, 88 T.C. 492, 505 (1987) (as to section 6501). We apply the statute as the Congress enacted it. We conclude that petitioners are not entitled to a determination that they have an overpayment of 1986 or 1987 income taxes. To take account of concessions by respondent, supra note 2, Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986 as in effect for the years in issue; references to secs. 6511 and 6512↩ are to those sections of the Internal Revenue Code of 1986 as in effect for the dates on which respondent mailed the notices of deficiency.
1. 50 percent of the interst under sec. 6601 on $ 3,226 for 1986 and on $ 5,733 for 1987.↩
1. 50 percent of the interest under sec. 6601 on $ 3,453 for 1986 and on $ 4,451 for 1987. ↩
2. The parties agree that petitioners (1) have joint income tax deficiencies of $ 94 for 1986 and $ 1,166 for 1987; (2) are liable for additions to tax under sec. 6653(a)(1)(A) for 1986 and 1987 in the amounts of $ 4.70 and $ 58.30, respectively, see sec. 6653(c)(1); and (3) are not liable for additions to tax under secs. 6651(a), 6653(a)(1)(B), and 6654. Respondent's sec. 6651(a) concession preceded this Court's opinion in Patronik-Holder v. Commissioner, 100 T.C.     (1993); respondent's concession in the instant case is consistent with our opinion in Patronik-Holder, even though it conflicts with the position respondent took in Patronik-Holder↩.
3. Initially, petitioners did not intend to claim overpayments or, at least, not refunds of overpayments. The pleadings do not reflect this issue. See Rule 39. During the stipulation process, the parties agreed that petitioners' tax liabilities for 1986 and 1987 were substantially less than the amounts that had been withheld from petitioners' income in 1986 and 1987. During hearings held before this Court on Mar. 31, 1992, and Apr. 1, 1992, both sides discussed the issue of the claimed overpayments, and the statute of limitations bar. On brief, both sides focus on the statute of limitations issues under secs. 6511 and 6512. In these circumstances, we conclude that the statute of limitations issue has been tried by the consent of the parties within the meaning of Rule 41(b)(1). See, e.g., Pallottini v. Commissioner, 90 T.C. 498, 499-500 (1988). Also, as we have noted, sec. 6512(b) includes words suggesting that this statute of limitations may be jurisdictional. Woody v. Commissioner, 95 T.C. 193, 204 (1990); Hollie v. Commissioner, 73 T.C. 1198, 1205 n.9 (1980). Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. Petitioners may file joint income tax returns after the notices of deficiency have been mailed. Phillips v. Commissioner, 86 T.C. 433 (1986), affd. on this issue and revd. on another issue 851 F.2d 1492, 1496-1498↩ (D.C. Cir. 1988). This is why the opinion and the stipulations take into account the joint tax liabilities and withholdings of both Vernon and Ann, even though the notices of deficiency treated petitioners as having separate liabilities and being entitled to credits for only their respective withheld amounts.
5. The overwithholding for each year is calculated by adding the negligence addition, supra↩ note 2, to petitioners' tax liability and subtracting that sum from the amount withheld for that year. For 1986 the overwithholding is calculated as follows: $ 94 + $ 4.70 = $ 98.70; then $ 7,538.29 - $ 98.70 = $ 7,439.59. For 1987 the overwithholding is calculated as follows: $ 1,166 + $ 58.30 = $ 1,224.30; and $ 5,245.76 - $ 1,224.30 = $ 4,021.46.
6. Sec. 6511 provides, in pertinent part, as follows: SEC. 6511. LIMITATIONS ON CREDIT OR REFUND. (a) Period of Limitation on Filing Claim. -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * * (b) Limitation on Allowance of Credits and Refunds. -- (1) Filing of claim within prescribed period. -- No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period. (2) Limit on amount of credit or refund. -- (A) Limit where claim filed within 3-year period. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. * * * (B) Limit where claim not filed within 3-year period. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. (C) Limit if no claim filed. -- If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.↩
7. Sec. 6512 provides, in pertinent part, as follows: SEC. 6512. LIMITATIONS IN CASE OF PETITION TO TAX COURT. (a) Effect of Petition to Tax Court. -- If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) * * *, no credit or refund of income tax for the same taxable year, * * * to which such petition relates, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except -- (1) As to overpayments determined by a decision of the Tax Court which has become final; * * * * * * (b) Overpayment Determined by Tax Court. -- (1) Jurisdiction to determine. -- Except as provided by paragraph (3) and by section 7463, if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, * * * in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer. * * * (3) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- * * * (B) within the period which would be applicable under section 6511(b)(2), (c), or (d)↩, if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, * * *
8. Many prior opinions refer to sec. 6512(b)(2). However, sec. 6244(a) of the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, 3750, redesignated sec. 6512(b)(2) as sec. 6512(b)(3)↩, effective for overpayments determined by the Tax Court which had not been refunded on the 90th day after Nov. 10, 1988. TAMRA sec. 6244(c).
9. Sec. 6512(b)(3)(A) involves payments made after the mailing of the notice of deficiency. In the instant case, no payments were made after the notices of deficiency were mailed. Sec. 6512(b)(3)(C)↩ involves situations where the taxpayer files a claim for credit or refund before the date of the mailing of the notice of deficiency. In the instant case, petitioners did not file a claim for credit or refund before the notices of deficiency were mailed.
10. At the hearing when the instant case was submitted, the Court informed petitioners that it was irrelevant, for purposes of the instant case, whether they were claiming a credit as distinguished from a refund.↩