T.C. Memo. 2002-44

UNITED STATES TAX COURT

ROXIE LEE JACKSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5898-98.                    Filed February 12, 2002.

Roxie Lee Jackson, pro se.

<u>Albert B. Kerkhove</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Respondent determined the following
deficiencies and additions to tax with respect to petitioner's
Federal income taxes:[1]

---

[1]All section references are to the Internal Revenue Code in
effect for the taxable years at issue, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

| Year | Deficiency | Addition to tax sec. 6651(a)(1) |
|------|-----------|----------------------------------|
| 1993 | $17,176 | $836 |
| 1994 | 16,430 | 693 |

After concessions,[2] the sole issue for decision is whether the refund of overpayments made by petitioner in 1993 and 1994 is barred by the operation of sections 6511 and 6512(b). We hold that it is.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. At the time the petition was filed, petitioner resided in Elkhorn, Nebraska.

Petitioner failed to file timely Federal income tax returns for the years 1992, 1993, 1994, and 1995. On April 22, 1996, petitioner and his wife mailed their joint Federal income tax return for 1992 to the Internal Revenue Service (Service) with a letter (the April 1996 letter), informing the Service that they had not yet filed their Federal income tax returns for 1993, 1994, and 1995, but that the returns would be completed shortly.[3]

---

[2]Respondent concedes the deficiencies to the extent they exceed the amounts reported on petitioner and his wife's Federal income tax returns for 1993 and 1994. Respondent also concedes the additions to tax.

[3]The record does not disclose when the Service received the 1992 return and letter. Although respondent concedes the Service received the documents, neither the 1992 return nor the April
(continued...)

The letter stated further that petitioner and his wife anticipated each of the delinquent returns would show an income tax refund of several thousand dollars and emphasized that petitioner and his wife did not owe any additional taxes for the years 1993, 1994, and 1995.  The letter stated petitioner and his wife were due refunds for each year.  The letter referenced petitioner's Social Security number and was sent on behalf of both petitioner and his wife.  Only petitioner's wife signed the letter, however.

On December 29, 1997, respondent mailed notices of deficiency for 1993 and 1994 to petitioner.  The notices of deficiency did not refer to the April 1996 letter.  Petitioner filed a timely petition in response to the notices.

On March 30, 1998, petitioner and his wife filed joint Federal income tax returns for 1993 and 1994 with the Internal Revenue Service Center at Kansas City, Missouri.  The 1993 and 1994 returns reported the following:

| Year | Income tax withholding | Income tax due | Overpayment |
|------|------------------------|----------------|-------------|
| 1993 | $13,834 | $10,414 | $3,420 |
| 1994 | 13,658 | 7,737 | 5,921 |

---

[3](...continued)
1996 letter was introduced as an exhibit in this case by either party.  Our findings of fact regarding the contents of the April 1996 letter are drawn from the testimony of petitioner and his wife, which we concluded was credible.  Respondent did not contest their description of the April 1996 letter.

Respondent has accepted the returns as filed but disputes that petitioner and his wife have overpayments of tax allowable by law, claiming that refunds of the overpayments for 1993 and 1994 are barred by sections 6511 and 6512(b).

## OPINION

If a notice of deficiency is issued to a taxpayer for a particular taxable period and the taxpayer files a timely petition in this Court claiming an overpayment for that taxable period, that overpayment may be refunded only as provided in section 6512(b). Sec. 6512(b); sec. 301.6512-1(a), Proced. & Admin. Regs. With respect to a taxpayer's claim to an overpayment in a proceeding before this Court, the requirements of section 6512(b) are jurisdictional. Commissioner v. Lundy, 516 U.S. 235 (1996); Harlan v. Commissioner, 116 T.C. 31, 32 n.2 (2001). Petitioner bears the burden of proving that his claimed overpayments are refundable under section 6512(b). Rule 142(a)(1).[4]

Section 6512(b)(1) provides that if the Tax Court finds that the taxpayer has made an overpayment of income tax for the same taxable year in respect of which the Commissioner determined a deficiency, the Court has jurisdiction to determine the amount of

_____

[4]The burden of proof provisions of sec. 7491 do not apply here because the examination in this case began before July 22, 1998. Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 726.

the overpayment, and the overpayment amount must be credited or refunded to the taxpayer after the decision has become final. Section 6512(b)(3) limits the amount of the credit or refund, however.  Section 6512(b)(3) provides that no credit or refund of any portion of the tax shall be allowed or made unless the Tax Court determines as part of its decision that such portion was paid--

> (A) after the mailing of the notice of deficiency,
>
> (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or
>
> (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency--
>
>> (i) which had not been disallowed before that date,
>>
>> (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or
>>
>> (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.

No portion of either overpayment was paid within the period described in section 6512(b)(3)(A) or (B).  In this case, the overpayments in question were made before the date the notices of deficiency were mailed and outside the periods which would be

applicable under section 6511(b)(2), (c), or (d) if the claims for refund were deemed filed on the dates the notices of deficiency were mailed. Sec. 6511(b)(2); Commissioner v. Lundy, supra. Likewise, section 6512(b)(3)(C)(ii) and (iii) does not apply because petitioner's alleged informal refund claim had not been disallowed before the date the notice of deficiency was mailed and because petitioner had not filed a timely refund suit before the date the notice of deficiency was mailed. The only provision of section 6512(b)(3) under which petitioner arguably qualifies is section 6512(b)(3)(C)(i), which requires proof that the taxpayer seeking a refund filed a timely refund claim that had not been disallowed before the date the notice of deficiency was mailed.

## The Arguments of the Parties

Ordinarily, if a taxpayer does not file his Federal income tax return for a taxable year before the Commissioner mails a notice of deficiency for that same year, any refund of income tax for that taxable year is limited to the taxes paid within 2 years before the date the notice of deficiency is mailed.[5] Commissioner v. Lundy, supra. See generally secs. 6511(a), 6512(b)(3)(B). Respondent contends that petitioner falls within this rule. According to respondent, petitioner is entitled to a

---

[5]An amendment to sec. 6512(b)(3), effective for tax years ending after Aug. 5, 1997, and thus inapplicable here, extends the lookback period to 3 years in some circumstances.

refund only if the taxes in question were paid during the period beginning on December 29, 1995, and ending on December 29, 1997. Because the only payments petitioner made for 1993 and 1994 were attributable to Federal income tax withholding and, therefore, are deemed by statute to have been made on April 15, 1994 and 1995, respectively, sec. 6513(c)(2), respondent contends that no portion of the claimed overpayments was paid during the applicable 2-year period.

Petitioner argues, however, that he filed a timely refund claim under section 6512(b)(3)(C)(i). Although petitioner did not file his Federal income tax returns for 1993 and 1994 until after the notices of deficiency were mailed, petitioner contends that the April 1996 letter qualified as an informal refund claim with respect to his overpayments for 1993 and 1994 and that his informal refund claim was filed within 2 years of the dates the overpayments were deemed paid, as required by section 6511. Petitioner implicitly argues that the April 1996 letter provided sufficient information to respondent to qualify as an informal refund claim and that an informal refund claim is a qualifying claim under section 6512(b). Respondent denies that petitioner filed an informal refund claim with respect to petitioner's 1993 and 1994 overpayments.

The April 1996 Letter

Although respondent could not locate the April 1996 letter and petitioner could not find a copy of it to introduce in evidence at trial, respondent conceded that such a letter was sent and received and does not dispute the description of its contents given by petitioner and his wife at trial.  In the April 1996 letter, petitioner and his wife provided a statement of the reasons they had not filed their returns for 1993-95, asserted their intention to file the returns for 1993-95 shortly, and stated clearly that they did not owe any additional tax for any of the years 1993-95.  The letter stated unequivocally that petitioner and his wife had overpaid their taxes for each of the years and that the IRS owed them several thousand dollars for those years.  The letter was written by petitioner's wife on behalf of herself and petitioner, referenced petitioner and his Social Security number, and was reviewed by petitioner before it was mailed.  It was attached to the delinquent joint 1992 Federal income tax return of petitioner and his wife.  The 1992 return was signed under oath by both petitioner and his wife and claimed a refund of income tax overpaid.[6]

---

[6]Respondent subsequently refunded the 1992 overpayment to petitioner and his wife.

Respondent argues that the April 1996 letter petitioner mailed to the Internal Revenue Service Center did not qualify as a refund claim for several reasons. The April 1996 letter did not satisfy the technical requirements for a formal refund claim. Petitioner did not sign the letter under penalties of perjury. The April 1996 letter did not set forth in detail each ground upon which a claim for refund was being made or the exact basis for the claim.

Under regulations promulgated by the Secretary, a properly prepared claim for refund (formal refund claim) must satisfy certain requirements. Secs. 301.6402-2 and 301.6402-3, Proced. & Admin. Regs.[7] Although respondent correctly points out that the April 1996 letter does not satisfy the requirements of a formal

---

[7]They include the following:

(1) The claim must be in writing. For taxes other than income tax, the claim must be on Form 843. Sec. 301.6402-2(c), Proced. & Admin. Regs. For income taxes, any claim for refund must be made on the appropriate income tax return or amended income tax return. Sec. 301.6402-3(a), Proced. & Admin. Regs.

(2) The claim must set forth in detail each ground upon which a refund is claimed and facts sufficient to apprise the Commissioner of the basis of the refund. Sec. 301.6402-2(b)(1), Proced. & Admin. Regs.

(3) The claim must be verified by a written declaration that it is made under penalties of perjury. Id. If a claim is executed by an agent of the taxpayer, a power of attorney must accompany the claim. Sec. 301.6402-2(e), Proced. & Admin. Regs.

(4) With respect to income tax (and other taxes not relevant here), a separate claim is required for each taxable period. Sec. 301.6402-2(d), Proced. & Admin. Regs.

refund claim, the defects respondent identifies do not necessarily render the April 1996 letter ineffective as an informal refund claim. It has long been recognized that a writing which does not qualify as a formal refund claim nevertheless may toll the period of limitations applicable to refunds if (1) the writing is delivered to the Service before the expiration of the applicable period of limitations, (2) the writing in conjunction with its surrounding circumstances adequately notifies the Service that the taxpayer is claiming a refund and the basis therefor, and (3) either the Service waives the defect by considering the refund claim on its merits or the taxpayer subsequently perfects the informal refund claim by filing a formal refund claim before the Service rejects the informal refund claim. United States v. Kales, 314 U.S. 186, 194 (1941) (involving a protest letter); George Moore Ice Cream Co. v. Rose, 289 U.S. 373 (1933) (involving a defective original claim); Bemis Bros. Bag Co. v United States, 289 U.S. 28 (1933) (involving a defective original claim); United States v. Factors' & Fin. Co., 288 U.S. 89, 91 (1933) (involving a claim for refund "of sweeping generality"); United States v. Memphis Cotton Oil Co., 288 U.S. 62 (1933) (involving a claim rejected as too general); United States v. Felt & Tarrant Manufacturing Co., 283 U.S. 269 (1931); Bonwit Teller & Co. v. United States, 283 U.S. 258 (1931) (involving a letter and executed waiver form); Am.

Radiator & Standard Sanitary Corp. v. United States, 162 Ct. Cl. 106, 318 F.2d 915, 920 (1963).

The sparse record in this case establishes that the April 1996 letter notified respondent that petitioner believed he had overpaid his taxes for 1993 and 1994 and that he was entitled to a refund of those overpayments. The April 1996 letter, however, contained no description of the basis for petitioner's refund claim. For a writing to qualify as an informal refund claim, the writing, evaluated with reference to the surrounding circumstances, must give the Commissioner adequate notice that the taxpayer is seeking a refund of taxes for specified years and of the basis for the claim. The relevant inquiry, therefore, is whether, under all the facts and circumstances, petitioner gave sufficient notice of the basis for his refund claim to respondent so that respondent could investigate the claim and make a determination on the merits. See, e.g., Turco v. Commissioner, T.C. Memo. 1997-564.

In this case, we are presented with a factual record that is so inadequate we cannot fairly conclude that petitioner made an informal refund claim. Neither the April 1996 letter nor petitioner's jointly filed income tax return for 1992 is an exhibit in this case. Although respondent agrees the April 1996 letter was sent and does not dispute that the contents of the April 1996 letter are as described by petitioner and his wife at

trial, the letter, by itself, does not provide the minimum information necessary to apprise respondent of the basis of petitioner's claim.[8]  The April 1996 letter contains no more than an unsupported assertion by petitioner and his wife that they believed they were entitled to refunds for 1993 and 1994.  A writing evaluated with reference to its surrounding circumstances that provides no information about the basis of a taxpayer's refund claim does not qualify as an informal refund claim because it does not give the Commissioner "notice fairly advising the Commissioner of the nature of the taxpayer's claim".  United States v. Kales, supra at 194.

Petitioner bears the burden of proving that he is entitled to a refund of the overpayments he claims for 1993 and 1994.  Rule 142(a)(1).  Because petitioner failed to prove that he made an informal refund claim and because the record establishes that

---

[8]Petitioner did not argue that the April 1996 letter coupled with his 1992 tax return constituted his informal refund claim. Even if petitioner had made such an argument, the record foreclosed any evaluation of the argument.  Neither petitioner nor respondent introduced the 1992 return into evidence, and petitioner did not testify as to the contents of the 1992 return. Without the 1992 return or some testimony regarding its contents in the record, we simply cannot evaluate whether the facts giving rise to the 1992 overpayment, which respondent refunded, were substantially similar to the facts generating the overpayments for 1993 and 1994.  The only facts we can fairly find on this record are that the April 1996 letter provided notice to respondent that petitioner felt he was entitled to a refund for 1993 and 1994 and that the letter and the surrounding circumstances did not adequately notify respondent of the basis of the claim.  See BCS Fin. Corp. v. United States, 118 F.3d 522, 524-525 (7th Cir. 1997).

petitioner did not file a timely formal refund claim, we must conclude that petitioner has failed to prove that he filed a qualifying refund claim as required by section 6512(b)(3)(C)(i). Consequently, we hold that petitioner is not entitled to a refund of his overpayments for 1993 and 1994 under section 6512(b)(3)(C)(i).

We have considered the other arguments of the parties and, to the extent not discussed above, we conclude that the arguments are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.