T.C. Memo. 1997-297

UNITED STATES TAX COURT

ELGIN E. FLAGG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15376-95.                    Filed June 30, 1997.

Elgin E. Flagg, pro se.

<u>Linas N. Udrys</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  This case is before the Court fully
stipulated.  See Rule 122.  Elgin E. Flagg petitioned the Court
on August 11, 1995, to redetermine respondent's determination of
the following deficiencies in his 1986, 1989, 1990, 1991, and
1992 Federal income taxes and additions thereto:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a)(1) | Sec. 6654 |
|---|---|---|---|
| 1986 | $17,266 | $1,024 | $38 |
| 1989 | 49,636 | 9,290 | 2,325 |
| 1990 | 22,592 | 2,353 | 523 |
| 1991 | 125,283 | 26,569 | 5,992 |
| 1992 | 56,316 | 12,426 | 2,137 |

Following respondent's concession that petitioner is not liable for the additions to tax under sections 6651(a)(1) and 6654 and that petitioner actually overpaid his taxes in each of these years, we must decide whether petitioner is entitled to refunds greater than the amounts proffered by respondent. We hold he is not. Section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

All of the facts have been stipulated and are so found. The stipulated facts and exhibits submitted therewith are incorporated herein by this reference. Petitioner resided in San Juan Capistrano, California, when he petitioned the Court. He began working for General Electric (GE) in or around 1956. He retired from GE in 1991 and began receiving a pension in the same year. He received payments of interest in each of the subject years, except 1986.

Petitioner did not file a timely Federal income tax return for any of the subject years. With respect to his returns for each of the years 1986, 1989, and 1990, the time for filing was extended until August 15 of the year in which the return was due. On May 11, 1995, respondent issued petitioner two notices of deficiency, one for 1986, 1989, and 1990, and the other for 1991 and 1992. Before May 11, 1995, respondent had prepared "returns" for petitioner for each of the subject years under the authority of section 6020(b).

After receiving the notices of deficiency, petitioner filed a return for each subject year. He filed his 1986 return on August 8, 1995, his 1989 return on September 15, 1995, his 1990 return on September 18, 1995, his 1991 return on August 28, 1995, and his 1992 return on September 8, 1995. With the exception of a claimed capital loss deduction for 1991, respondent accepted each return as filed. Petitioner amended his returns for 1991 and 1992. Respondent accepted the amended returns as filed.

Prior to 1986, petitioner purchased limited and general partnership interests in several oil and gas ventures. These ventures realized operating losses, and petitioner reported his shares of these losses on Schedule C, Profit or (Loss) From Business or Profession, and Schedule E, Supplemental Income. Petitioner also purchased various securities, and he reported on his returns capital losses attributable to worthless securities. Petitioner was entitled to carry over the losses that he was

unable to recognize in the year realized due to the limitation on capital losses set forth in section 1211(b).

For each year in issue, petitioner's income tax liability, tax withheld, overpayment, and the amount of the overpayment that was attributable to worthless securities and oil and gas ventures are as follows:

|  | 1986 | 1989 | 1990 | 1991 | 1992 |
|---|---|---|---|---|---|
| Tax liability | $5,740 | $7,879 | $10,481 | $18,917 | $5,352 |
| Amounts withheld by | | | | | |
| GE | 13,169 | 12,274 | 12,757 | 14,321 | --- |
| Pension trustee | --- | --- | --- | 3,950 | 4,781 |
| Interest payers | --- | 201 | 424 | 740 | 1,824 |
| Total | 13,169 | 12,475 | 13,181 | 19,011 | 6,605 |
| Overpayment | 7,429 | 4,596 | 2,700 | 94 | 420 |
| Attributable to | | | | | |
| Worthless securities | 960 | 840 | 845 | 94 | 420 |
| Oil & gas ventures | 4,558 | 3,077 | 2,700 | 94 | 1,253 |

## Discussion

Respondent concedes that petitioner is entitled to refund of $840, $845, $94, and $420 for the respective years from 1989 through 1992. Respondent argues that petitioner is not entitled to a refund of any other overpaid amount because: (1) The amounts paid for 1986 were paid by petitioner more than 7 years before the issuance of the notice of deficiency and (2) the disputed amounts paid for each other year were paid by petitioner more than 2 years before the issuance of the notice of deficiency, and none of these amounts were attributable to items listed in section 6511(d) that would extend this period beyond

2 years.  Petitioner argues that 100 percent of the overpayments were attributable to worthless debts or worthless securities, which makes them refundable in full under the 7-year rule of section 6511(d)(1).  Petitioner alleges in his brief that the overpayments were attributable to debts and securities which were worthless, and he attached certain documents to his brief which he claims support his allegation.  Petitioner argues that each "return" prepared by respondent under section 6020(b) was a return for purposes of section 6511, and he contends in his brief that respondent prepared the returns on August 4, 1994.  Petitioner contends in his brief that respondent offered him a settlement under which he would have been allowed the 1986 overpayment in full, and he argues that the respondent's offer proves his right to the 1986 refund.

We hold for respondent.  Petitioner must prove that the disputed amounts were attributable to worthless debts or worthless securities, Welch v. Helvering, 290 U.S. 111, 115 (1933); see also Borchers v. Commissioner, 95 T.C. 82, 91 (1990) (fact that case submitted to the Court fully stipulated under Rule 122 does not change or otherwise lessen taxpayer's burden), affd. 943 F.2d 22 (8th Cir. 1991); Drum v. Commissioner, T.C. Memo. 1994-433 (same), affd. without published opinion 61 F.3d 910 (9th Cir. 1995), and petitioner must demonstrate that his claim for refund was timely, Michelson v. Commissioner, T.C. Memo. 1997-39.  Although section 6512(b)(1) bestows jurisdiction

on this Court to determine the existence and amount of any overpayment of tax to be refunded for a year before us, section 6512(b)(3)(B) prohibits the Court from awarding a refund unless we determine that the amount in question was paid

> within the period which would be applicable under section 6511(b)(2) * * * or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment * * *

See also Commissioner v. Lundy, 516 U.S. ____, 116 S. Ct. 647, 650-652 (1996). The relevant provision of section 6511(b)(2) provides that when a claim for refund is outside the 3-year period of section 6511(a), the amount of the refund may not exceed the amount of tax paid within the 2 years preceding the claim for refund. Sec. 6511(b)(2)(B). Section 6511(a) provides that a claim for refund generally must be made within 3 years from the time the return was filed or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. The relevant provision of section 6511(d) provides that, in the case of a refund that relates to an overpayment of tax imposed on account of a worthless debt under section 166 or a worthless security under section 165(g), or the effect that the deductibility of such a debt or security has on the application to the taxpayer of a carryover, "in lieu of the 3-year period of limitation prescribed in subsection (a), the period shall be 7 years from the date prescribed by law for filing the return for

the year with respect to which the claim is made."  Sec. 6511(d)(1).

Petitioner has not proven that the disputed amounts were attributable to worthless debts or worthless securities.  His allegation in his brief that the disputed amounts stemmed from debts and securities which became worthless is unsupported by the record.  The documents attached to his brief are not part of that record.  Rule 143(b); see West 80 St. Garage Co. v. Commissioner, 12 B.T.A. 798, 800 (1928); see also Saunders v. Commissioner, T.C. Memo. 1992-361, and the cases cited therein.  Nor does the evidence of record persuade us that respondent offered petitioner a settlement under which he would be refunded any of the 1986 overpayment.  Nor do we agree with petitioner's claim that respondent's "returns" are a return for purposes of section 6511. They are not.[1]  See sec. 6501(b)(3); see also United States v. Stafford, 983 F.2d 25, 27 (5th Cir. 1993) (the Commissioner's execution of a return under section 6020(b) does not relieve the taxpayer of his or her obligation to file a return); In re Bergstrom, 949 F.2d 341, 343 (10th Cir. 1991) (same); United States v. Poschwatta, 829 F.2d 1477, 1483 (9th Cir. 1987) (same); Moore v. Commissioner, 722 F.2d 193, 196 (5th Cir. 1984) (same), affg. T.C. Memo. 1983-20.

---

[1] Even if they were, we find no evidence that respondent prepared these returns on Aug. 4, 1994.

We apply the established law on the refund of overpayments to the stipulated amounts shown in the chart above. Each of the withheld amounts was deemed withheld and paid on April 15 of the year in which the return was due, and the fact that petitioner received an extension of time to file some of the returns did not change the date as of which the tax is deemed paid. Sec. 6513(a) and (b)(1). Respondent issued the notices of deficiency to petitioner on May 11, 1995, and, as of that date, petitioner had not yet filed his returns. Thus, apart from the effect of section 6511(d), petitioner is generally limited to a refund of only amounts that he paid during the 2-year period prior to May 11, 1995. Commissioner v. Lundy, 516 U.S. at ___, 116 S. Ct. at 647. Respondent has conceded that section 6511(d)(1) entitles petitioner to a refund of the overpayments for each subject year, except 1986, to the extent that the overpayments are attributable to worthless debts or worthless securities. Accordingly, petitioner is entitled to a refund of those amounts. With respect to the 1986 overpayment, however, respondent has not made a similar concession because all of the underlying amounts were paid more than 7 years before the notice of deficiency was issued. We hold that petitioner is not entitled to a refund of this amount.

In reaching our holdings herein, we have considered all arguments made by petitioner for contrary holdings and, to the extent not discussed above, find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.