T.C. Memo. 2007-125


UNITED STATES TAX COURT


PERRY C. KRAPE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9778-05.                    Filed May 17, 2007.


<u>Stanley P. Kaplan</u>, for petitioner.

<u>John T. Lortie</u>, for respondent.


MEMORANDUM OPINION


VASQUEZ, <u>Judge</u>:  Respondent moves the Court to enter a
decision in accordance with the parties' stipulation of settled
issues (stipulation) filed on November 20, 2006.  Petitioner
objects to the motion, contending that respondent's computation
of his tax liability erroneously bars the refund or credit of
part of an overpayment of petitioner's 2000 taxes.  We must

decide whether to grant respondent's motion.  For the reasons
stated below, we shall grant respondent's motion.

## Background

At the time he filed his petition, petitioner resided in Ft.
Lauderdale, Florida.

On April 15, 2001, petitioner filed Form 4868, Application
for Automatic Extension of Time To File U.S. Individual Income
Tax Return (application for extension).  With his application for
extension, petitioner estimated that his income tax liability for
2000 was $225,000 and submitted a payment of that amount.  On
October 24, 2002, petitioner delinquently filed a Form 1040, U.S.
Individual Income Tax Return (the delinquent return), for the
2000 tax year, showing a tax due of $248,805.  On lines 59 and 65
of the delinquent return, petitioner erroneously entered $250,000
of 2000 estimated tax payments.  On lines 66 and 67a of the
delinquent return, petitioner entered an overpayment in the
amount of $1,195 and requested a refund of that amount.

On January 30, 2003, pursuant to a request from respondent,
petitioner paid the difference between his actual estimated tax
payments for tax year 2000 of $225,000 and the tax liability he
reported on his return of $248,805 (amounting to $23,805), plus
interest.

On March 22, 2005, respondent mailed petitioner a notice of
deficiency, determining unpaid taxes, additions to tax, and

penalties for tax years 1999, 2000, and 2001.  On May 26, 2005, petitioner petitioned this Court for a redetermination of the above-mentioned determination.

On November 20, 2006, the parties filed a stipulation of settled issues (the stipulation) with the Court.  The stipulation resolved substantially all of the issues in the notice of deficiency.  Particularly, the parties now agree that petitioner has an overpayment of tax for tax year 2000 in the amount of $129,656.  The parties also agree that petitioner is allowed a refund of $23,805 of that overpayment, representing the additional payment petitioner made on January 30, 2003.  The parties agree that the only issue that remains for our determination is whether petitioner is barred from recovering the remaining portion of the above-mentioned overpayment (amounting to $105,851) pursuant to section 6512.[1]

## Discussion

Petitioner objects to respondent's motion for entry of decision in accordance with the stipulation.  Petitioner argues that the delinquent return forms the basis of a claim for refund, and that petitioner is therefore entitled to a refund or credit of the above-mentioned overpayment of $129,656 pursuant to section 6512(b)(3)(C).  Respondent contends that the delinquent

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

return does not constitute a claim for refund, and that the Court is therefore precluded from determining a credit or refund of the overpayment pursuant to section 6512(b)(3)(B).

If a notice of deficiency is issued to a taxpayer for a particular taxable period and the taxpayer files a timely petition in this Court claiming an overpayment for that taxable period, that overpayment may be refunded or credited only as provided in section 6512(b). Sec. 6512(b); Jackson v. Commissioner, T.C. Memo. 2002-44; sec. 301.6512-1(a), Proced. & Admin. Regs. With respect to a taxpayer's claim to an overpayment in a proceeding before this Court, the requirements of section 6512(b) are jurisdictional. Commissioner v. Lundy, 516 U.S. 235 (1996); Harlan v. Commissioner, 116 T.C. 31, 32 n.2 (2001). Petitioner bears the burden of proving that his claimed overpayments are refundable under section 6512(b). Rule 142(a)(1).

Section 6512(b)(3) limits the Court's ability to order a credit or refund of an overpayment. Under section 6512(b)(3)(B), if a notice of deficiency is mailed within 3 years from the time the return was filed, the Court may order a credit or refund of an overpayment if the overpayment was made within the 3-year period immediately preceding the date of the mailing of the notice of deficiency, plus the period of any extension of time for filing the return. If the notice of deficiency was not

mailed within 3 years after the filing of the return, the amount of the credit or refund may not exceed the amount of tax paid during the 2 years immediately preceding the date the notice of deficiency was mailed. See sec. 6511(b)(2)(A) and (B).

If section 6512(b)(3)(B) applies, as respondent contends it does, the Court lacks jurisdiction to determine a refund or credit of the overpayment at issue in this case. The notice of deficiency was mailed on March 22, 2005, and within 3 years after petitioner filed the delinquent return. Under respondent's theory, the "look-back" period (consisting of 3 years, plus the period of the extension of time for filing that petitioner received for his 2000 tax return) extends back to November 22, 2001. Petitioner's overpayment was made on April 15, 2001, and therefore, according to respondent, falls outside the "look-back" period. Absent application of another provision, respondent argues that the Court lacks jurisdiction to determine a refund or credit of the overpayment in issue in this case.

However, section 6512(b)(3)(C) allows the Court to determine a credit or refund of an overpayment in some situations in which a taxpayer has actually filed a claim for a refund before the notice of deficiency was issued. In such a case, the end of the "look-back" period is determined not by the date the notice of deficiency was mailed, but by the date on which the claim for refund was filed.

As it relates to the case before us, section 6512(b)(3)(C) provides that the Court may order refund or credit of the overpayment if the claim had not been disallowed before the notice of deficiency was mailed, or if the claim had been disallowed before the notice of deficiency was mailed and a timely suit for refund could have been commenced as of the date the notice of deficiency was mailed. Sec. 6512(b)(3)(C)(i) and (ii). Petitioner contends that he made an administrative claim for refund that was either not disallowed, or if it was disallowed, he could have commenced a timely suit for refund as of the date the notice of deficiency was mailed.

If, as petitioner asserts, the delinquent return constitutes a claim for refund, the Court would have jurisdiction to order a refund or credit of the overpayment at issue. As noted supra, petitioner filed the delinquent return on October 24, 2002. Regardless of whether the 3-year or the 2-year "look-back" period would apply, petitioner's overpayment on April 15, 2001, falls within the "look-back" period under petitioner's theory, and the Court would have jurisdiction to order refund or credit of the overpayment.

Under certain circumstances, a properly executed income tax return may constitute a claim for refund or credit. Section 301.6402-3(a)(5), Proced. & Admin. Regs., provides:

> A properly executed individual * * * income tax return * * * shall constitute a claim for refund or credit if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit against the taxpayer's estimated income tax for the taxable year immediately succeeding the taxable year for which such return * * * is filed. * * *

The delinquent return does not meet the above criteria for a formal refund claim with respect to the overpayment at issue. The delinquent return makes no mention of the amount the parties now agree constitutes an overpayment and does not contain any statements regarding the basis for such overpayment.

Petitioner also argues that the delinquent return forms the basis for an informal refund claim. As petitioner correctly notes in his objection to respondent's motion:

> It is well established that a writing which does not qualify as a formal refund claim nevertheless may toll the period of limitations applicable to refunds if (1) the writing is delivered to the Service before the expiration of the applicable period of limitations, (2) the writing in conjunction with its surrounding circumstances adequately notifies the Service that the taxpayer is claiming a refund and the basis therefor, and (3) either the Service waives the defect by considering the refund claim on its merits or the taxpayer subsequently perfects the informal refund claim by filing a formal refund claim before the Service rejects the informal refund claim.

Jackson v. Commissioner, supra (and the cases cited therein). The determination of whether an informal refund claim has been made depends on the particular circumstances of the case, and the relevant question is whether the Commissioner knew or should have

known that a refund claim was being made.  Turco v. Commissioner, T.C. Memo. 1997-564.  A writing may constitute an informal refund claim if it gives notice fairly advising the Commissioner of the nature of the taxpayer's claim.  United States v. Kales, 314 U.S. 186, 194 (1941).

The delinquent return does not form the basis of an informal claim for refund.  The delinquent return shows tax due of $248,805.  Although the delinquent return erroneously sought a refund of $1,195--an amount less than the refund of $23,805 to which respondent has stipulated--the return does not give any notice of the overpayment amount petitioner now seeks or of any basis for such a claim.

Moreover, the circumstances surrounding petitioner's filing of the delinquent return indicate that the delinquent return does not constitute a claim for refund.  As noted supra, petitioner actually made an additional payment toward the amount of tax shown on the delinquent return approximately 3 months after petitioner filed the delinquent return.  Petitioner has not shown--or even alleged--that he maintained any protest to the payment of additional tax.  It need hardly be noted that petitioner's voluntary payment of more tax shortly after filing the delinquent return tends to indicate that he was not simultaneously pursuing a claim that he had already paid too much tax.

The delinquent return did not give any notice of petitioner's alleged claim for refund or the basis thereof, and the circumstances surrounding the filing of that return do not alter that conclusion.  The delinquent return therefore does not form the basis of a claim for refund, and section 6512(b)(3)(B) applies.  Accordingly, the Court lacks jurisdiction to determine a refund or credit of the overpayment at issue.  We reject petitioner's sole objection to respondent's motion, and we shall grant respondent's motion.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.