T.C. Memo. 2015-74

UNITED STATES TAX COURT

DAN E. BUTTS AND PATRICIA J. BUTTS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

PATRICIA J. BUTTS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 20656-11, 1908-13.                Filed April 15, 2015.

Ps did not timely file Federal income tax returns for 2007 and
2008.  R issued a notice of deficiency to each P for 2008 and to P-H
for 2007.  Ps jointly petitioned this Court with respect to those three
notices of deficiency.  After Ps filed their joint petition, R issued a
notice of deficiency to P-W for her 2007 tax year, and P-W then filed
a separate petition with respect to that notice of deficiency.
Thereafter, Ps filed joint Federal income tax returns for 2007 and
2008, claiming on the 2007 return an overpayment attributable to tax
withholding by P-W's employer from P-W's 2007 wages.  The parties
have stipulated an overpayment for 2007 but dispute whether Ps are
entitled to a refund of that overpayment.

Held:  I.R.C. sec. 6512(b)(3)(b) requires the application in the
instant case of the two-year lookback period in I.R.C. sec.
6511(b)(2)(B).

[*2]    Held, further, we lack jurisdiction under I.R.C. secs. 6511 and
6512 to order a refund of the 2007 overpayment because no portion of
it was paid within the applicable lookback period.

Dan E. Butts and Patricia J. Butts, pro sese in docket No. 20656-11.

Patricia J. Butts, pro se in docket No. 1908-13.

Fred E. Green, Jr., for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  These consolidated cases are before the Court on

petitions for redetermination of deficiencies in income tax as well as additions to

tax for failure to file timely, failure to pay timely, and failure to pay estimated

[*3] income tax that respondent determined for petitioners' 2007 and 2008 tax years.[1]  We tried Mr. Butts' case, and Mrs. Butts' case was submitted under Rule 122.[2]

The parties filed a stipulation of settled issues (SOSI), a stipulation of facts (with exhibits), and a supplemental stipulation of facts (with exhibits) in Mr. Butts' case, and a first stipulation of facts in Mrs. Butts' case, the facts of each of which are agreed to by the parties and incorporated herein by this reference.  The parties have stipulated that petitioners have an overpayment of $3,335 for the 2007 tax year, as claimed on their recently filed 2007 joint Federal income tax return (2007 overpayment).  The parties have further stipulated that the only issue remaining for decision is whether petitioners are entitled to a refund of that

---

[1]The petition in docket No. 20656-11 (Mr. Butts' case) was properly addressed, U.S. postage prepaid, and timely mailed on August 29, 2011.  That petition was filed on September 7, 2011, and relates to petitioner Patricia Butts' 2008 tax year and to Dan Butts' 2007 and 2008 tax years.  When that petition was filed, respondent had not yet issued a notice of deficiency for Patricia Butts' 2007 tax year.  Respondent issued such a notice on October 16, 2012, and in response Mrs. Butts timely mailed a separate petition, which was filed on January 22, 2013, giving the Court jurisdiction over her 2007 tax year in a separate case, docket No. 1908-13 (Mrs. Butts' case).

[2]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*4]** overpayment, or whether sections 6511 and 6512 preclude the Court from

ordering this refund.[3]

_____

[3]After we tried Mr. Butts' case, the parties submitted a joint status report in which they advised the Court that petitioners had filed joint Federal income tax returns for 2007 and 2008, that respondent generally agreed with the information reported on the returns, and that a basis for settlement had been reached. The parties thereafter filed the SOSI. Rather than directly address the determined deficiencies and additions to tax, the SOSI stipulates, succinctly, that petitioners are entitled to a refund of a $6,248 overpayment for the 2008 tax year and that petitioners have (but are not necessarily entitled to a refund of) a $3,335 overpayment for the 2007 tax year. By stipulating overpayments for both tax years for petitioners jointly, respondent conceded the determined deficiencies and the failure to pay timely and failure to pay estimated income tax additions. The fate of the failure to file timely addition is less clear.

Both petitions contested respondent's determination of sec. 6651(a)(1) additions for failure to timely file 2007 Federal income tax returns. As a general rule, the Commissioner bears the burden of production and "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001); see sec. 7491(c). Once the Commissioner has satisfied this burden of production, the burden shifts to the taxpayers to prove an affirmative defense or that they are otherwise not liable for the penalty or the addition to tax. See Higbee v. Commissioner, 116 T.C. at 446-447. The parties stipulated that as of June 13, 2011, petitioners had not filed Federal income tax returns for 2007. The due date for those returns was April 15, 2008. See sec. 6072(a) (requiring calendar year taxpayers to file returns on or before, generally, April 15 of the following tax year). These facts satisfy respondent's burden of production. See sec. 6651(a)(1) (providing for an addition to tax in the case of failure to file a required return by the prescribed date). Because petitioners presented no evidence and made no argument concerning the failure to file timely addition to tax during the trial in Mr. Butts' case or in connection with the Rule 122 stipulation in Mrs. Butts' case, we would ordinarily conclude that petitioners are liable for the sec. 6651(a)(1) addition to tax.

Yet the parties also stipulated that petitioners' entitlement to a refund of the claimed overpayment was "[t]he sole issue to be resolved", and respondent

(continued...)

[*5]                         FINDINGS OF FACT

Petitioners did not timely file their Federal income tax returns for the taxable years 2007 and 2008. On May 31, 2011, respondent issued a notice of deficiency to petitioner Patricia Butts (Mrs. Butts) for her 2008 tax year. On June 13, 2011, respondent issued notices of deficiency to petitioner Dan Butts (Mr. Butts) for his 2007 and 2008 tax years. On September 7, 2011, petitioners timely filed a joint petition in this Court seeking redetermination of the deficiencies and additions to tax determined in these three notices. At that time they lived in Nevada.

---

[3](...continued)
reiterated in a subsequently filed status report that the only issue remaining before the Court was whether either petitioner was entitled to a refund. If petitioners' entitlement to a refund is the sole issue left for the Court to resolve, then the sec. 6651(a)(1) addition to tax must have already been resolved between the parties. The SOSI and the parties' other stipulations leave the nature of that resolution ambiguous: Did petitioners concede the addition to tax, or did respondent? Because respondent drafted the SOSI and petitioners are unrepresented, we will construe this ambiguity against respondent. See Rink v. Commissioner, 100 T.C. 319, 325 (1993) (construing closing agreement in accordance with contract law principles), aff'd, 47 F.3d 168 (6th Cir. 1995); Stamos v. Commissioner, 87 T.C. 1451, 1455 (1986) (construing stipulation in accordance with contract law principles); Cung v. Commissioner, T.C. Memo. 2013-81, at *6 (construing stipulation of settled issues in accordance with contract law principles); 5 Corbin on Contracts, sec. 24.27 (Rev. ed. 1998) (written contract may be construed against the drafting party for the purpose of resolving ambiguities). Accordingly, we conclude that respondent conceded all additions to tax determined in the notices of deficiency that gave rise to these cases.

**[*6]**    On October 16, 2012, respondent issued a notice of deficiency to Mrs. Butts for her 2007 tax year.  As of that date, neither petitioner had filed an income tax return for 2007.  On January 22, 2013, Mrs. Butts filed a petition in this Court seeking redetermination of the deficiency and additions to tax determined in the fourth and latest notice of deficiency.  She still lived in Nevada at that time.

On February 4, 2013, petitioners submitted joint Federal income tax returns for 2007 and 2008, claiming on their 2007 joint return an overpayment of $3,335 attributable to withholding from Mrs. Butts' 2007 wages.  The parties have stipulated that petitioners have an overpayment of $3,335 for the 2007 tax year.

We tried Mr. Butts' case on November 18, 2012.  Mrs. Butts' case was submitted under Rule 122 on February 10, 2015.  We consolidated the cases for purposes of opinion.

OPINION

Petitioners, individually and/or together, seek a refund of the 2007 overpayment.  Respondent contends that the time limitations of sections 6511 and 6512 preclude a refund of any portion of the 2007 overpayment.  Petitioners bear the burden of proving that they are entitled to a refund.  See Rule 142(a)(1); see, e.g., Krape v. Commissioner, T.C. Memo. 2007-125, 93 T.C.M. (CCH) 1239, 1240

**[*7]** (2007); <u>Jackson v. Commissioner</u>, T.C. Memo. 2002-44, 83 T.C.M. (CCH) 1242, 1243 (2002).

In general, this Court has jurisdiction to determine the amount of an overpayment of tax for a taxable year, and the amount so determined by the Court must be credited or refunded to the taxpayer after the decision has become final. <u>See</u> sec. 6512(b)(1).  If a notice of deficiency is issued to a taxpayer for a particular taxable period, and the taxpayer files a timely petition in this Court claiming an overpayment for that taxable period, that overpayment may be refunded only as provided in section 6512(b).  Sec. 6512(a)(1), (b); sec. 301.6512-1(b), Proced. & Admin. Regs.

Section 6512(b)(3) limits the amount of the taxpayer's credit or refund. Specifically, section 6512(b)(3) circumscribes the amount of the taxpayer's credit or refund to the portion of the overpayment, if any, paid--

> (A) after the mailing of the notice of deficiency,

> (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or

> (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within

**[*8]** the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency * * *

Before testing whether any portion of the 2007 overpayment falls within one of these alternative periods, we must first establish when petitioners paid the tax constituting the 2007 overpayment. The parties stipulated that the 2007 overpayment is attributable to withholding from Mrs. Butts' 2007 wages by her employer. Under section 6513(b)(1), income tax deducted and withheld from an employee's wages is deemed to have been paid on April 15 of the following tax year--that is, in petitioners' case, April 15, 2008. If that date satisfies any of the three alternative tests of section 6512(b)(3), petitioners are entitled to a refund. It does not.

The U.S. Supreme Court considered an almost identical issue in Commissioner v. Lundy, 516 U.S. 235, 237 (1996):

> In this case, we consider the "look-back" period for obtaining a refund of overpaid taxes in the United States Tax Court under 26 U.S.C. § 6512(b)(3)(B), and decide whether the Tax Court can award a refund of taxes paid more than two years prior to the date on which the Commissioner of Internal Revenue mailed the taxpayer a notice of deficiency, when, on the date the notice of deficiency was mailed, the taxpayer had not yet filed a return. We hold that in these circumstances the 2-year look-back period set forth in § 6512(b)(3)(B) applies, and the Tax Court lacks jurisdiction to award a refund.

[*9]  Petitioners may not obtain a refund of the 2007 overpayment under section 6512(b)(3)(A) because the deemed payment date, April 15, 2008, fell before--not after, as required by the statute--the mailing dates of both notices of deficiency issued to petitioners for the 2007 tax year.[4]  Second, section 6512(b)(3)(C) will not avail petitioners because they filed a claim for refund, at the earliest, on February

---

[4]Respondent mailed notices of deficiency for the 2007 tax year to Mr. Butts on June 13, 2011, and to Mrs. Butts on October 16, 2012.  Even though respondent computed petitioners' income tax liabilities and mailed notices of deficiency to them separately, the parties stipulated that "[p]etitioners" have an overpayment.  This stipulation begs the question of which of the separately mailed notices constitutes "the notice of deficiency" for purposes of sec. 6512(b)(3) where the overpayment in question is a joint one.  Because the 2007 overpayment consists of tax withheld from Mrs. Butts' wages, the notice of deficiency mailed to Mrs. Butts might logically provide the relevant date.  See Michelson v. Commissioner, T.C. Memo. 1997-39, 73 T.C.M. (CCH) 1809, 1810 (1997) (where the Commissioner mailed separate notices of deficiency to married taxpayers, and taxpayers later filed a joint return on which they claimed an overpayment, holding that husband was not entitled to any refund because he had no interest in any portion of the overpayment, which arose entirely from withholding from his wife's wages).  On the other hand, because petitioners jointly have an overpayment, one could reasonably argue that the date on which respondent mailed Mr. Butts' notice of deficiency should determine his refund entitlement.  Regardless of which notice of deficiency's date controls, we would reach the same conclusions.  We therefore test petitioners' refund claim under sec. 6512(b)(3) using both dates, in the alternative.  See id., 73 T.C.M. (CCH) at 1810 (where the Commissioner mailed separate notices of deficiency to married taxpayers, and taxpayers later filed a joint return on which they claimed an overpayment, applying sec. 6512(b)(3) to each spouse separately using the mailing date of his or her notice of deficiency); Anderson v. Commissioner, T.C. Memo. 1993-288, 66 T.C.M. (CCH) 4, 7 (1993) (same), aff'd without published opinion, 36 F.3d 1091 (4th Cir. 1994).

**[\*10]** 4, 2013,[5] which was <u>after</u>--not before, as required by the statute--the dates of mailing of both notices of deficiency.

Accordingly, as in <u>Lundy</u>, section 6512(b)(3)(B) is the applicable provision. That provision incorporates the "lookback" periods of section 6511(b)(2) "and directs the Tax Court to determine the applicable [lookback] period by inquiring into the timeliness of a hypothetical claim for refund filed 'on the date of the mailing of the notice of deficiency.'" <u>Commissioner v. Lundy</u>, 516 U.S. at 242 (quoting section 6512(b)(3)(B)).[6] Section 6511(b)(2), in turn, provides for two

---

[5]The parties stipulated that petitioners "submitted" a joint 2007 Federal income tax return on February 4, 2013, claiming an overpayment. We find that this submission establishes the filing date of petitioners' refund claim. <u>See</u> <u>United States v. Kales</u>, 314 U.S. 186, 194 (1941) (stating that where an informal submission puts the Commissioner on notice of a taxpayer's claim, it will be treated as a formal claim even if its defects are remedied after the applicable limitations period has expired, and especially if the Commissioner "has accepted and treated it as such").

[6]Sec. 6511 also establishes the period of limitations for filing a refund claim, but under the circumstances of this case, that period of limitations is irrelevant:

> Unlike the provisions governing refund suits in United States District Court or the United States Court of Federal Claims, which make timely filing of a refund claim a jurisdictional prerequisite to bringing suit, <u>see</u> 26 U.S.C. § 7422(a); <u>Martin v. United States</u>, 833 F.2d 655, 658-659 (7th Cir. 1987), the restrictions governing the Tax Court's authority to award a refund of overpaid taxes incorporate only the look-back period and not the filing deadline from § 6511. <u>See</u> 26

(continued...)

[*11] alternative lookback periods:  a three-year period and a two year-period.

Sec. 6511(b)(2)(A) and (B).

> To decide which of these look-back periods to apply, the Tax Court
> must consult the filing provisions of § 6511(a) and ask whether the
> claim described by § 6512(b)(3)(B)--a claim filed "on the date of the
> mailing of the notice of deficiency"--would be filed "within 3 years
> from the time the return was filed."  See § 6511(b)(2)(A)
> (incorporating by reference § 6511(a)).  If a claim filed on the date of
> the mailing of the notice of deficiency would be filed within that 3-
> year period, then the look-back period is also three years and the Tax
> Court has jurisdiction to award a refund of any taxes paid within three
> years prior to the date of the mailing of the notice of deficiency.  §§
> 6511(b)(2)(A) and 6512(b)(3)(B).  If the claim would not be filed
> within that 3-year period, then the period for awarding a refund is
> only two years.  §§ 6511(b)(2)(B) and 6512(b)(3)(B).  [Commissioner
> v. Lundy, 516 U.S. at 242.]

Petitioners' hypothetical refund claim would have been filed on either June

13, 2011 (the date on which respondent mailed a notice of deficiency to Mr.

Butts), or October 16, 2012 (the date on which respondent mailed a notice of

deficiency to Mrs. Butts).  Because both of these dates precede the date on which

petitioners submitted their joint 2007 tax return, regardless of which date we use,

their hypothetical refund claim would not have been filed within three years after

_____

[6](...continued)
U.S.C. § 6512(b)(3).  Consequently, a taxpayer who seeks a refund in
the Tax Court * * * does not need to actually file a claim for refund
with the IRS; the taxpayer need only show that the tax to be refunded
was paid during the applicable look-back period.  [Commissioner v.
Lundy, 516 U.S. 235, 240-241 (1996); fn. ref. omitted.]

[*12] the date on which they filed their tax return. Hence, as in Commissioner v. Lundy, 516 U.S. at 245, the two-year lookback period applies and is measured from the date of mailing of the notice of deficiency.[7]

Therefore, we have jurisdiction to order a refund of any overpayment of tax paid within the two-year period preceding the filing date of petitioners' hypothetical refund claim--that is, on or after either June 13, 2009 (two years before respondent mailed a notice of deficiency to Mr. Butts), or October 16, 2010 (two years before respondent mailed a notice of deficiency to Mrs. Butts). See secs. 6511(b)(2)(B), 6512(b)(3)(B). Because the 2007 overpayment was paid, in its entirety, on April 15, 2008, well before the date of either notice of deficiency, we lack jurisdiction to order a refund of any portion of it.[8]

_____

[7]Shortly after the Supreme Court decided Commissioner v. Lundy, 516 U.S. 235, Congress amended sec. 6512(b)(3). The amendment provided for a three-year lookback period where a notice of deficiency is mailed during the third year after the due date (with extensions) for filing the return and no return has been filed before such time. See sec. 6512(b)(3) (flush language).

The due date for petitioners' 2007 tax return was April 15, 2008, see sec. 6072(a), and no facts in the record indicate that petitioners sought or obtained a filing extension. Respondent mailed both notices of deficiency after, not during, the third year following that April 15, 2008, and petitioners had not yet filed a return when either notice was mailed. Hence, Congress' amendment of sec. 6512(b)(3) does not afford petitioners a three-year lookback period.

[8]If petitioners had established that a three-year lookback period should apply, they would be entitled to a refund only of an overpayment paid on or after

(continued...)

**[*13]** Petitioners offer two arguments against this conclusion. First, they contend that respondent's preparation of substitutes for return (SFRs) establishes a filing date for their 2007 tax return for purposes of sections 6511 and 6512. We have held, however, that "a substitute for return prepared by the Commissioner pursuant to section 6020(b)(1) is not a return filed by the taxpayer for purposes of section 6511." Healer v. Commissioner, 115 T.C. 316, 322 (2000). The SFRs have no bearing on petitioners' entitlement to a refund of the 2007 overpayment.

Second, petitioners contend that respondent is precluded from litigating the issues and amount in controversy in Mrs. Butts' case by events in Mr. Butts' case under the doctrines of res judicata and/or collateral estoppel. Both doctrines apply only after a judgment has been entered by a court of competent jurisdiction. See Commissioner v. Sunnen, 333 U.S. 591, 597 (1948) (explaining that res judicata bars relitigation of a cause of action by "the parties to the suit and their privies" after "a court of competent jurisdiction has entered a final judgment on the merits"); Peck v. Commissioner, 90 T.C. 162, 166 (1988) (explaining that "collateral estoppel precludes parties (and their privies) from relitigating issues

---

[8](...continued)
either June 13, 2008, or October 16, 2009. Because the 2007 overpayment was paid on April 15, 2008, before both of these dates, application of a three-year lookback period would not produce a different outcome.

**[*14]** actually and necessarily litigated and decided in a final prior judgment by a court of competent jurisdiction"), aff'd, 904 F.2d 525 (9th Cir. 1990). No such judgment has been entered in either of these consolidated cases. We concur with petitioners that the amount of their 2007 tax liability has already been resolved, but by stipulation rather than through litigation and judgment by the Court in Mr. Butts' case. In any event, the parties have not stipulated, and we have neither found nor decided, that petitioners are entitled to a refund of the 2007 overpayment. Pursuant to the SOSI, this remains the sole issue for our decision.

For the reasons explained above, we resolve it against petitioners. We hold that, because no portion of the 2007 overpayment was paid during any of the alternative periods specified in section 6512(b)(3), no amount of that overpayment may be allowed or refunded.

To reflect the foregoing,

Appropriate decisions will be entered.